Elliot HANDLER et al., Plaintiffs,

v.

The SECURITIES AND EXCHANGE
COMMISSION et al., Defendants.

No. CV 77–67–FW.

United States District Court,
C. D. California.

March 14, 1977.

Miller, Cassidy, Larroca & Lewin, Herbert J. Miller, Jr., Martin D. Minsker, R. Stan Mortenson, Washington, D. C., and Gibson, Dunn & Crutcher, Charles S. Battles, Jr., C. Thomas Long, Robert A. Miller, Beverly Hills, Cal., for plaintiffs Elliot Handler and Ruth Handler.

Mitchell, Silberberg & Knupp, Howard M. Medvene, Howard S. Smith, Howard J. Rubinroit, Los Angeles, Cal., for plaintiff Seymour M. Rosenberg.

Paul Gonson, Irving H. Picard, Howard H. Scherer, S.E.C., Washington, D. C., Charles R. Hartman, III, S.E.C., Los Angeles, Cal., for defendants S.E.C., Roderick M. Hills, Philip A. Loomis, Jr., John R. Evans and Irving M. Pollack, Stanley Sporkin, Irwin M. Borowski, James G. Mann and Ralph Erickson.

William D. Keller, U. S. Atty., Eric A. Nobles, Chief, Crim. Div., Vincent J. Marella, Stephen V. Wilson, Asst. U. S. Attys., Los Angeles, Cal., for defendant United States.

## MEMORANDUM OF DECISION

WHELAN, District Judge.

This case arises from the actions taken by this Court and the District Court for the District of Columbia in *Securities and Exchange Commission v. Mattel, Inc.,* CV 74–2958. The *Mattel* case originated in the District of Columbia when the Securities and Exchange Commission (S.E.C.) sued to enjoin alleged violations of the securities laws. On August 5, 1974, the District Court for the District of Columbia entered, pursuant to the consent of the parties, a Judgment and Order of Permanent Injunction and Ancillary Relief. This Judgment enjoined Mattel from violating the securities laws and from filing false statements with the S.E.C. The Judgment also provided that within sixty days after entry of the judgment, Mattel was to appoint two persons as additional directors of the corporation. These directors were to have had no previous connection with the corporation. Two new committees of the board of directors were also to be created within sixty days of entry of the Judgment. The Financial Controls and Audit committee was to work with the auditors of Mattel in reviewing the financial condition of the corporation and making sure that all material submitted to the S.E.C. was accurate. The Litigation and Claims Committee was to review all actions brought against Mattel, approve any settlements, and review all matters involving conflicts of interest within the corporation. The new directors were to be members of these new committees. Mattel was directed to cooperate with the committees and was to make all relevant information reasonably requested available to the S.E.C. staff. Finally, the Court retained jurisdiction to grant further relief appropriate in the public interest or for the protection of investors.

Following the S.E.C.'s application for further relief, an Amended Consent Judgment and Order of Permanent Injunction and Ancillary Relief was filed in the District of Columbia on October 2, 1974. The Amended Judgment added provisions to those of the original Judgment. A majority of the board, rather than only two of the directors, was to be comprised of people not previously associated with Mattel. An executive committee of the board of directors was to be created, a majority of which would be new directors of the corporation. Within thirty days after assumption of office by the additional directors, a majority of them was to appoint a Special Counsel for Mattel who would be satisfactory to the S.E.C. and approved by the Court. The Special Counsel was to conduct an investigation of the securities practices of the corporation, prepare and file the report of a Special Auditor, take action upon his or her findings (with the approval of the board of di-

rectors), and take further action upon the approval of the board. In the event of any disagreement between the board of directors and the Special Counsel, the Special Counsel was to apply to the Court for resolution of the dispute.

The Amended Judgment further provided that the Special Counsel was to retain a Special Auditor to assist him in preparing the report. This Special Auditor was to be paid by Mattel, but would be permitted to consult with the S.E.C. in preparing its report. Following completion of the report, Mattel was to correct its documents on file with the S.E.C. in order to make them comply with the securities laws. Although Paragraphs XII and XIII of the Amended Judgment provided that Mattel was to cooperate with those conducting the investigation and to make all relevant material available, Paragraph XIV provided that the Amended Judgment was not intended to curtail the exercise of the Constitutional rights of all persons interviewed. The Amended Judgment was to remain in effect for five years, or for a greater or shorter period as the Court considered appropriate, according to the developing facts.

On the same day the District of Columbia Court transferred the case to the Central District of California. The Order of Transfer indicated that the parties had agreed by stipulation that supervision pursuant to the Amended Judgment and the entry of any further orders would be better accomplished by a court near the corporation's principal place of business.

Pursuant to the consent of the parties, this Court entered a Second Amended Judgment and Order of Permanent Injunction and Ancillary Relief (hereinafter referred to as the "consent decree"), on November 26, 1974. The consent decree was identical to the Amended Judgment, with the exception that this Court expressly reserved the power to enter further orders as may be necessary, particularly with respect to the necessity for judicial approval of the Special Counsel and judicial resolution of disputes between the Special Counsel and the board of directors.

At the time the judgments were entered and consented to by Mattel, two of the Plaintiffs, Elliot Handler and Ruth Handler, were members of the Board of Directors of Mattel. They participated in the board's resolutions authorizing Mattel's president to execute Mattel's consent to entry of the judgments. Stipulations of Fact, pages 6 and 7.

On January 9, 1975, Mattel moved for court approval of Seth M. Hufstedler as Special Counsel. Approval was granted. On February 26, 1975, Mattel's motion for approval of Price Waterhouse as Special Auditor was granted. The reports of the Special Counsel and the Special Auditor were completed and lodged with this Court on November 3, 1975.

Plaintiffs filed this action on January 7, 1977. They claim that portions of the consent decree are invalid and unconstitutional, and request that the Report of the Special Counsel be expunged from the records of the Court and that Defendants be enjoined from using any of the information obtained in the investigation.

The present matter came on for hearing on Monday, January 31, 1977. Plaintiffs moved for a preliminary injunction. Defendants moved to dismiss, or in the alternative, for summary judgment. Plaintiffs brought a cross-motion for summary judgment and a motion to compel production of documents and answers to interrogatories. After presentation of argument, both oral and written, the matter was submitted for decision.

Plaintiff's first contention is that the consent decree is void because of the requirement that the Special Counsel and Special Auditor file reports with the court. The consent decree was not void in this respect. It was within the jurisdiction of the court to make such a requirement, particularly when it was in furtherance of a decree which was agreed to by the parties. Filing of reports with the court is merely an equitable manner of disposing of the need of a preliminary investigation by the S.E.C. Furthermore, it is an act such as the act of a judge in a trademark infringement

case when he or she orders the defendants to file competent proof that they have yielded up all instruments of infringement in their possession to the trademark owner. It is also akin to the provision, in a case involving forfeiture of foods or drugs, that the owner thereof file a certificate with the court showing compliance with the court's decree that the goods be forfeited or rehabilitated.

■ Plaintiffs claim that they have a right to attack the judgment because of the harm which may befall them from the possible use of the report. However, they have no standing. They are no longer associated with Mattel, the corporation which was the subject of the investigation. Stipulations of Fact, page 2.

■ Plaintiffs contend that their Fifth Amendment rights were violated when they were subjected to interviews by the Special Counsel. The court did not order those interviewed to testify. Out of a superabundance of caution, the Special Counsel reminded all persons interviewed of their Fifth Amendment rights. While Paragraph XII of the consent decree directed those associated with Mattel to cooperate with the persons conducting the investigation, Paragraph XIV of the consent decree provided: " . . . none of the provisions of this SECOND AMENDED JUDGMENT AND ORDER shall prevent the assertion of any applicable constitutional or legally recognizable privilege." Had Plaintiffs desired, each could have asserted his or her rights under the Fifth Amendment in refusing to respond to interview questions. Each could have moved this Court for a protective order providing that the proceedings be sealed until further order of the Court. Plaintiffs must have realized that they had the right to ask relief from the Court; on February 14, 1975, Mattel's former director of accounting moved for an injunction to prevent disclosure of certain information which he claimed was protected by the attorney-client privilege.

■ Plaintiffs contend that the consent decree provided a method by which the S.E.C. abdicated its obligation with respect to the investigation of possible criminal violations. It is sufficient to say that this contention is specious. For example, it is a long-established practice of the Internal Revenue Service and agents of other federal agencies to receive information from private persons, and thereby initiate investigations. In these cases, the informant is entitled by law to apply for compensation for supplying the information. It is quite customary in cases involving illegal drugs for an informant to supply narcotics agents with names of persons who have, by their past conduct, indicated a willingness to sell narcotics whenever the opportunity presents itself. In these cases, the informant makes the first contact with the suspect or suspects which may result in a criminal investigation.

An agency, including the S.E.C., is entitled to obtain evidence wherever it may, subject to the rule that its agents may not obtain the evidence through violation of the constitutional rights of the suspect.

■ Two of the Plaintiffs, Elliot Handler and Ruth Handler, may be said to be estopped from complaining of the effects of the report. They voted to authorize the president of Mattel to enter the corporation's consent to the consent decree. Stipulations of Fact, pages 6 and 7.

■ Apart from the other considerations in this case, it is clear that Plaintiff's action is premature. Should a grand jury indict any of them, the person or persons so indicted have the right to move to suppress evidence in the criminal case. Such motion, of course, is only proper where criminal charges have been filed by way of indictment.

For the foregoing reasons, it is the opinion of this Court that the Plaintiffs' motion for preliminary injunction, cross-motion for summary judgment, and motion to compel production of documents and answers to interrogatories should be denied. Further, it is the opinion of the Court that Defendants' motion for summary judgment should be granted. This is an appropriate action for summary judgment inasmuch as there are no genuine issues of fact.

The foregoing constitutes the undisputed material facts and conclusions of law of the Court.

Accordingly,

IT IS ORDERED that Defendants' motion for summary judgment shall be granted and Judgment shall be entered in accordance herewith. No Judgment shall be entered until the Court has signed and filed its formal Judgment.

### ORDER

Plaintiffs have requested that the Report of the Special Counsel and the Report of the Special Auditor filed in *Securities and Exchange Commission v. Mattel, Inc.*, CV 74–2958, be expunged from the records of the Court. Such request is denied. However, it is the opinion of the Court that the report or reports of the Special Counsel Seth M. Hufstedler and of the Special Auditor Price Waterhouse, should only be sealed until further order of the Court.

Accordingly,

IT IS ORDERED that the report or reports of the Special Counsel and Special Auditor shall be sealed until further order of the Court. The clerk is directed to physically seal the same.